## BERNHARD *vs.* THE STATE OF GEORGIA.

1. Although several were jointly indicted, yet where one was put upon his trial separately, a verdict finding the defendant guilty meant the defendant on trial; and a motion in arrest of judgment, on the ground that the verdict was insufficient, was properly overruled.

2. The verdict is supported by the evidence and is not contrary to law.

3. The court need not charge written requests, when in the general charge the law of the case and all the law applicable and necessary has been given to the jury.

4. There was no error in the charge to the effect that, if a witness sworn in the case is an accomplice, his testimony, without more, cannot convict; but if the jury believe from the evidence that the witness was not an accomplice, then his evidence alone may convict; and this would be true, though he were charged in the indictment with the crime, and his own testimony showed he was not an accomplice, and no other witness testified on the point, and although he was present, if that presence was constrained, or he was enticed to be there by a false claim of defendant and another to property in the cotton and an anticipated lawsuit about it.

5. Where the cotton was alleged to belong to a man whose first initial was I., and the proof showed it was J., or *vice versa*, there was no error in instructing the jury that, if the initial was written wrong by mistake in the indictment, the proof of ownership in the person bearing the true name would be sufficient. The I and J are often exactly alike in writing.

6. There was no error in refusing to charge, "while drunkenness is not an excuse for crime, yet if you believe from the evidence that the defendant was drunk at the time of the alleged offense, then you may look to this as a circumstance going to show any intention on his part to commit an offense." This request is confused. If it means that drunkenness may be shown to show no intention to commit an offense, it does not so state; there was no evidence that the defendant was drunk; and if one steals while drunk, he is as guilty as if he were sober.

March 23, 1886.

Criminal Law.  Verdict.  Charge of Court.  New Trial. Before Judge HAMMOND.  Clayton Superior Court.  March Term, 1885.

John Bernhard was indicted jointly with Jim Mitchell, Dock Curtis and Abe Ponder for the larceny of cotton, alleged to belong to J. E. Lindler and W. D. Banks. Bernhard was put on his trial separately.  The evidence for the state was, in brief, as follows :  Certain cotton belonging to I. E. Lindler and W. D. Banks was stolen from a gin-house on the night of November 29, or the morning of the 30th, 1882.  On that night, after twelve o'clock, a wagon was heard passing up the road in the direction of the gin-house.  Later in the night, Jim Mitchell and another man stopped at the house where Mrs. Cox and her sons lived, and wanted to hire a wagon and to get one of the sons to haul some cotton to Fairburn, a distance of some twenty or twenty-five miles.  The man who was with Mitchell was called John Bernhard, but the Coxes could not identify him certainly as the defendant, and testified with much confusion and want of recollection.  The cotton was transferred from the wagon on which it was brought to the wagon of Mrs. Cox, and her son carried it to Fairburn and deposited it at the depot (as he stated).  The cotton was found in a warehouse in Fairburn early in December.  Some of the bands on one bale, which was marked with the name of Banks, had been taken off, but were still there.

Dock Curtis, one of the parties indicted, testified that Mitchell and Bernhard came to his house, about a mile and a half or two miles from the gin house, to get him to help load cotton; that they said it was cotton about which there was a suit, but on his objecting to going, they said they had bought it; that they insisted on his going, and finally drew weapons on him; that as they drove from the gin, they said they were afraid he would tell; that he said they ought to tell.

The judge in a note certified that Lindler stated that he was often known by the name of J. E. Lindler. There was much cross-examination as to the statements, threats, etc., which need not be stated in detail. The defendant made a statement to the effect that he had been ginning all day; left his wagon on the scales all night; went up to the store and was drinking; about eleven o'clock, went home and went to sleep; next morning got up and loaded his wagon; knew nothing of the larceny.

The verdict was, " We, the jury, find the defendant guilty." The defendant made a motion in arrest of judgment on the ground that it was not stated which defendant was found guilty. This was overruled. He also made a motion for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to give certain charges, which need not be copied in full, in order to understand the decision.

(3.) Because the court refused to charge as follows: " While drunkenness is not an excuse for crime, yet if you believe from the evidence that the defendant was drunk at the time of the alleged offense, then you may look to this as a circumstance going to show any intention on his part to commit an offense."

(4.) Because the court charged as follows: "If you should believe that the witness was not an accomplice in

the crime, knowing that the crime was being committed, then this rule of law as to corroborating circumstances would not apply, because, in that event, you would be authorized on his testimony alone to base a conviction."

(5) Because the court charged as follows: "If you believe in this case that either of the witnesses who testified for the state was present when the crime was committed, if you think a crime was committed, and aided and assisted in it with the knowledge that a crime was being committed, then he would be an accomplice, and his testimony alone would not be sufficient to convict the person he said was present and committing the crime."

(6.) Because the court charged as follows: "If you should believe that the name of I. E. Lindler was written thus by mistake, and that he is frequently known as J. E. Lindler, although his name is I. E. Lindler, and that the property in question was that of I. E. Lindler and W. D. Banks, then the court charges you that would be a sufficient description of the ownership of the property, and you would be authorized to so find."

The motion was overruled, and the defendant excepted.

J. T. SPENCE; C. W. HODNETT; HARRISON & PEEPLES, for plaintiff in error.

C. D. HILL, solicitor general, for the state.

JACKSON, Chief Justice.

Bernhard was convicted of stealing two bales of cotton, and, being dissatisfied, brings his case before this court, assigning as error the denial of a motion to arrest the judgment and the denial of a motion for a new trial, on the grounds therein specified.

1. Bernhard being the only defendant on trial, a verdict of guilty meant him, and could not mean either of the others indicted with him, but not on trial. *Thurmond vs. The State*, 55 *Ga.*, p. 599. Therefore, the motion to arrest the judgment was properly overruled.

2. The verdict is supported by the evidence, and therefore is not against evidence and law, or open to kindred complaints.

3. The court need not give written requests, when in the general charge the law of the case, and all the law applicable and necessary, has been given to the jury.

4. There was no error in the charge to the effect that, if a witness sworn in the case is an accomplice, his testimony, without more, cannot convict, but if the jury believe from the evidence that the witness was not an accomplice, then his evidence alone may convict; and this would be true, though he was charged in the indictment with the crime, and his own testimony showed he was not an accomplice, and no other witness testified on the point, and though he was present, if that presence was constrained, or he was enticed to be there by a false claim of defendant and another to property in the cotton and an anticipated lawsuit about it.

5. Where the cotton was alleged to belong to a man whose first initial was J. and the proof showed it was I., or *vice versa*, there was no error in instructing the jury that if the initial was written wrong by mistake in the indictment, the proof of ownership in the person bearing the true name would be sufficiently made. The I and J are often exactly alike in writing. They are in the abstract of plaintiff in error, himself in this case identical, and in the record quite similar. Moreover, ownership was alleged to be in one Banks and this man, whose initial makes the point under consideration, and whose surname was Lindler, and the initial letter of the middle name was all right.

6. There was no error in refusing to charge, " While drunkenness is no excuse for crime, yet if you believe from the evidence that the defendant was drunk at the time of the alleged offense, then you may look to this as a circumstance going to show any intention on his part to commit an offense."

There is no error in refusing to give it, first, because it

is confused and difficult to be understood. It is supposed by us that the request means " to show no intention to commit an offense," but it does not so say. Secondly, because, while there is evidence that defendant was drinking, there is none that he was drunk. His own statement is obscure and without consistency or sense on this subject. And thirdly, because if a man steal when he is drunk, he is just as guilty, under our statute, as if he were sober; otherwise, drunkenness would be an excuse for crime, when the statute says it shall be none. Code, §4301.

Cotton-making, ginning and packing would be a poor business in Georgia, if drunkenness excused a man for stealing it, unless the prohibition of selling intoxicating liquors prevailed everywhere in the state; and if it did, plenty of rogues would get drunk on cider and domestic wines in order to steal.

Judgment affirmed.