### 3205.  BIRD et al. v. THE STATE.

There was no error in overruling the motion in arrest of judgment. The defendants had been jointly indicted with several others,. whose cases had been disposed of either by pleas of guilty or verdict of guilty. The verdict returned found all of the defendants guilty. · *Held*, that this verdict was a sufficiently definite and certain finding upon which to pronounce judgment, and the attempt to amend the verdict by the insertion of the names of the defendants, though nugatory, was immaterial.

DECIDED APRIL 11, 1911.

Accusation of gaming; from city court of Griffin—Judge Flynt. December 19, 1910.

*T. E. Patterson*, for plaintiffs in error.

*W. H. Beck, solicitor*, contra.

RUSSELL, J.   Eleven defendants were indicted jointly for the offense of gaming.   At a previous term of the court four of them pleaded guilty.   Subsequently another defendant was placed on trial and convicted.   At the trial which is here involved the remaining six defendants were jointly tried, and the jury returned the following verdict:  "We, the jury, find all the defendants guilty."   The case was concluded, and the jury retired to consider their verdict, at about the usual hour for adjournment, and it was agreed by counsel, and the court so instructed the jury, that if they agreed upon a verdict they might disperse and return the verdict into court upon its reassembling the following morning. When the verdict which we have recited was read, the court instructed the jury to retire and return into court with a verdict naming the defendants; and when the verdict was afterwards read the defendants were named, but no finding was stated—the words written upon the indictment being as follows:  "Ed Bird, John McDay, Emmett Berry, Burnice Crawford, Buster Swann, and Will Carmichael.   Dec. 8th, 1910.   T. J. McKibben, Foreman." The court again, over the defendants' second objection, ordered the jury to retire and put their verdict in form as instructed, and instructed them to return a verdict, if they found the defendants guilty, as follows:  "We, the jury, find the defendants, Ed Bird, John McDay, Emmett Berry, Burnice Crawford, Buster Swann, and Will Carmichael, guilty."   The jury retired for a third time and returned with a verdict in the form instructed.   The defendants objected to the correction of the verdict in both instances.

As we see it, a verdict may be amended in mere matters of form after the jury rendering it have dispersed, though it "can not, after such dispersal, by amendment be essentially changed." *Wells* v. *State,* 116 *Ga.* 89 (42 S. W. 390). The verdict as originally rendered was sufficiently certain to be the basis of a legal judgment. The amendment was really unnecessary. *Martin* v. *State,* 25 *Ga.* 494; *Bernhard* v. *State,* 76 *Ga.* 613; *Thurmond* v. *State,* 55 *Ga.* 599. The indictment itself showed that the cases had been disposed of as to five of the defendants. The joinder of issue upon arraignment demonstrated that all of the remaining defendants were being tried by the jury. Therefore, the verdict finding "all the defendants" guilty clearly meant all of those whose cases had not previously been disposed of, and all of the defendants then on trial. There was nothing uncertain about the finding. Of course, upon the motion in arrest of judgment, the court could consider nothing except the indictment, with the entries thereon, and the verdict rendered; but "courts are inclined to favor the validity of a verdict, and, no matter what requisite may be apparently lacking, it will be supported, if from the terms of the finding and the contents of the record it can be maintained."

*Judgment affirmed.*