MOULTON v. STATE.

Opinion delivered December 16, 1912.

1. FORGERY—PASSING FORGED INSTRUMENT—INSTRUCTION.—In an indictment for uttering a forged check an instruction to the effect that if defendant uttered the check with intent to defraud, and if said check was forged by defendant or by any other· person, and defendant at the time of passing the check knew the same to have been forged, then he is guilty of uttering a forged instrument, was not open to a general objection upon the ground that there was no proof that defendant forged the check. (Page 504.)

2. SAME—ELEMENTS OF OFFENSE.—One who, with intent to defraud, passes a check known to him to have been forged is guilty of forgery, though the forgery is not his handiwork. (Page 505.)

3. INSTRUCTIONS—REPETITION.—It is not error to refuse a correct instruction if other correct instructions charge the law upon the question involved. (Page 505.)

Appeal from Franklin Circuit Court,· Ozark District; *Jeptha H. Evans*, Judge; affirmed.

*Sam R. Chew*, for appellant.

Before appellant could be legally held guilty of having uttered the alleged forged instrument, the proof must not only show beyond a reasonable doubt that the instrument was in fact a forgery, but also must show beyond a reasonable doubt that he in fact uttered the instrument, knowing, at the time he uttered it, that it was a forgery. The fact that appellant signed the name of E. E. Jones on the back of the check at the time he offered it to the cashier of the bank is not alone sufficient to bring knowledge to the appellant that the check was a forgery. 68 Ark. 529.

Appellant was entitled to an instruction covering this point, and the court therefore erred in refusing instruction 2 requested by appellant. 67 Ark. 594.

*Hal L. Norwood*, Attorney General, and *Wm. H. Rector*, Assistant, for appellee.

1. There is no controverting the fact that the appellant *uttered* the instrument, and the facts and circumstances in evidence, his failure to explain his possession of the instrument, his denial of the fact of having cashed it, his flight and attempt to escape after arrest, his signing Jones's name on the back of the check when he might just as well have signed his own,

point so unerringly to his guilty knowledge that it was a forgery, that the verdict could not reasonably have been different.

2. The court was justified in refusing instruction 2 requested by appellant. A trial court is not required to multiply instructions covering the same point.

SMITH, J. Appellant was indicted at the September, 1912, term of the Franklin Circuit Court, in the Charleston District thereof, and, upon his motion, the venue was changed to the Ozark District of that county, where he was tried and convicted upon a charge of uttering a forged instrument, and he appeals from the judgment of the court sentencing him to two years' imprisonment in the penitentiary.

Omitting its formal parts, the indictment alleges that "the said Elmer Moulton on the 13th day of November, 1911, in the county and district aforesaid, unlawfully, wilfully, feloniously, and designedly did utter and publish as true to one H. E. Council, cashier of the Bank of Branch, a corporation, a certain forged, altered, and counterfeited writing on paper purporting to be a bank check and in the words and figures as follows: 'Charleston, Ark., November 8, 1911. No.____ Pay to C. H. Moore or order $23.00, Twenty-three dollars. Claud Mainard. Burke Prtg. Co., Fredonia, Ks. Indorsed on the back as follows: 'C. H. Moore,' 'E. E. Jones.'

"The said forged and altered writing as aforesaid being then and there passed, uttered and published as aforesaid by the said Elmer Moulton to the said H. E. Council, cashier of the Bank of Branch, a corporation, with the intent then and there unlawfully and feloniously to obtain possession of the property of the Bank of Branch, a corporation, one H. E. Council and one Claud Mainard. He, the said Elmer Moulton, then and there well knowing the said paper writing as aforesaid to be forged and counterfeited as aforesaid. Against the peace and dignity of the State of Arkansas.

"John D. Arbuckle,
"Prosecuting Attorney of the Fifteenth Judicial District."

In apt time, defendant filed a motion for a new trial, alleging various grounds therefor, but the ones here relied upon are: (1) the insufficiency of the evidence; (2) error of the court in its instruction numbered 1; (3) error of the court

in refusing to give the defendant's instruction numbered 2. These points will be discussed in their order.

The jury has found upon evidence, which is legally sufficient to support their finding that the defendant is guilty, and, in accordance with many decisions of this court, we will not disturb that finding. The proof is undisputed that Claud Mainard did not execute the check, and the most significant and convincing single circumstance in the proof is the fact that defendant swore positively he did not cash the check at the bank, while the cashier identified him and swore unequivocally that he had done so, and that he saw defendant indorse the name E. E. Jones on the back of the check. *Gilchrist* v. *State,* 100 Ark. 338.

The defendant complains of the instruction of the court numbered 1, which was as follows:

"1. If defendant passed to H. E. Council, cashier of the Bank of Branch, the check mentioned in the indictment and given in the evidence with intent to cheat and defraud said Council or bank, and if said check was forged by defendant or by any other person, and defendant at the time of so passing said check knew the same to have been forged, then defendant is guilty of uttering a forged instrument, and should be convicted, and his punishment fixed at from two to ten years in the penitentiary."

The objection to this instruction is that by saying "if said check was forged by defendant or by any other person," left the jury to conjecture whether defendant had himself forged the check when there was no proof that he had done so. No specific objection to this effect was made to the instruction; and, as it is a correct declaration of the law as written, defendant is in no position to complain. Besides, under the facts of this case, it was not error to give it, even though specific objection had been made. It was undisputed before the jury that the check was forged, but the proof did not show who the author of the forgery was. It might not have been the handiwork of the defendant, but it was immaterial whether it was or not, if he knew that the check had been forged, and with such knowledge cashed it at the bank with the intent to cheat and defraud.

Defendant assigns as error the action of the court in refus-

ing to give his instruction numbered 2, which is as follows:

"Should you believe from the evidence beyond a reasonable doubt that the instrument in writing offered in evidence was in fact a forgery, yet this would not be sufficient to authorize you to convict the defendant upon the charge brought against him by the indictment, but the proof must go further and show to the satisfaction of your minds beyond a reasonable doubt that the defendant knew, at the time he offered the instrument in writing to the Bank of Branch, that the same was a forgery."

This instruction was a correct declaration of the law, and might very well have been given by the court, and the refusal to give it would be error calling for the reversal of the case, if the points there presented were not fully covered and correctly declared by other instructions. But, in addition to the court's instruction numbered 1, *supra,* the court gave, at the defendant's request, defendant's instruction numbered 1, which is as follows:

"Before you can convict the defendant of uttering a forged instrument, you must find from the evidence beyond a reasonable doubt that the instrument in writing was in fact a forgery; that the defendant uttered it or offered to pass it upon the Bank of Branch; and that he knew at the time that it was so uttered or offered to the Bank of Branch that the instrument was a forgery. If these elements are not made to appear by the evidence, direct or circumstantial, to the satisfaction of your minds beyond a reasonable doubt, then you should return a verdict of not guilty."

The instructions given are clear, and correctly declare the law, and cover the point raised in the defendant's instruction, which was refused.

This court has frequently held that the refusal to give a correct instruction is not error, if other correct instructions charge the law upon the question involved. *St. Louis, I. M. & S. Ry. Co. v. Aiken,* 100 Ark. 441; *Williams v. State,* 100 Ark. 218; *Turner v. State,* 100 Ark. 199; *Striplin v. State,* 100 Ark. 132.

We find no error in the record, and the judgment is affirmed.