<hr />

WOODLAND v. STATE.

Opinion delivered October 27, 1913.

1. EVIDENCE—LEGAL SUFFICIENCY.—Evidence consisting principally of the testimony of a negro boy twelve years old, that he saw de-

fendant break and enter a certain building, held legally sufficient to sustain a verdict of guilty on a charge of burglary. (Page 18.)

2.  CRIMINAL LAW—EVIDENCE—REASONABLE DOUBT.—A mere doubt in the minds of the jury is not sufficient to warrant an acquittal; the doubt must be a reasonable one. (Page 18.)

3.  CRIMINAL LAW—ALIBI—BURDEN OF PROOF.—Where the defendant in a criminal prosecution undertakes to establish an alibi, if the evidence of the defendant which tended to prove an alibi, is such that, taken together with the other evidence, the jury were left in reasonable doubt as to whether or not the defendant was present at the time of the commission of the crime, the jury should acquit the defendant. (Page 19.)

4.  CRIMINAL LAW—ALIBI—ARGUMENT OF COUNSEL.—It is error for the court to permit the prosecuting attorney, in his argument to the jury, to say that, "as to his alibi, the burden is on the defendant to show by a preponderance of the evidence that he was not present when the offense was committed." (Page 20.)

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant, Sam Woodland, a negro boy, was indicted by the grand jury of Nevada County on a charge of burglary, alleged to have been committed by breaking into the depot of the Iron Mountain Railroad Company on the night of June 15, 1913, and upon his trial therefor at the ensuing July term of the circuit court of that county, was convicted and sentenced to the penitentiary, and he has appealed from that judgment.

Appellant questions the sufficiency of the evidence upon the part of the State, which consisted principally of the evidence of a twelve-year-old negro boy, who claimed that at the time of the burglary, about 2 or 3 o'clock in the morning, he had crawled under a box car near the depot and saw appellant break and enter that building. The evidence was legally sufficient to sustain the verdict, and the jury's verdict was conclusive upon that question.

Appellant requested the court to charge the jury as follows:

"No. 1. You are instructed that in a criminal trial, the party accused is entitled to the legal presumption in favor of his innocence, which in doubtful cases is always sufficient to turn the scale."

The appellant undertook to establish an *alibi,* and his mother and other members of his family swore that he was at home during the night of the burglary, and which was some distance removed from the scene of the crime, and the proof of the *alibi* is of such a character that it would have required the jury to acquit the appellant had the evidence been believed. The court gave the following instructions upon the defense of an *alibi:*

"The defendant sets up as a defense what is termed in law an *alibi.* That is, that he was not at the place at the time the offense is alleged to have been committed, and, therefore, could not have committed the offense, if one was committed. The burden is on him to show by a preponderance of the evidence that he was not there. The burden on the whole case is on the State to show that he was present."

*By Mr. Bush:* "The burden is on him to show such a state of facts as would raise a reasonable doubt of his being present; that is, to prove an *alibi* he wouldn't have to prove an *alibi* by a preponderance of the evidence, but his proof would be sufficient if it raised a reasonable doubt as to his presence.

"I will ask the court to give that instruction."

*By the Court:* "It is refused."

And to the ruling of the court the defendant excepted.

*By the Court:* "Gentlemen of the jury, on the question of the burden being on the State to show his guilt beyond a reasonable doubt, and on the defendant to prove his *alibi,* the court will tell you that it makes no difference out of what evidence the doubt may arise in the case. After considering all the evidence, if you entertain a reasonable doubt of his guilt you will acquit him."

In his closing argument to the jury the prosecuting attorney said: "As to his *alibi,* the burden is on the de-

fendant to show by a preponderance of the evidence that he was not present when the offense was committed." The defendant objected to this argument, and his objection was overruled.

Did the court err in its charge to the jury?

*J. O. A. Bush,* for appellant.

1. Where the evidence on the question of an *alibi* is sufficient to raise a reasonable doubt as to defendant's presence, the court should so charge the jury. 69 Ark. 180; 55 *Id.* 248; Jones on Ev., § 12.

2. Defendant was entitled to a proper instruction on the questions of reasonable doubt, presumption of innocence and the burden of proof. In no case has this court ever held that a defendant must prove an *alibi* by a preponderance of the evidence. Cases *supra*.

The great weight of authority is that the burden is *not* on defendant to prove an *alibi*. Jones on Ev., § 177; 1 Greenleaf on Ev., § 81-b; 102 Ark. 630.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The court properly charged the jury on the questions of burden of proof and *alibi*. 59 Ark. 379-391; 70 *Id.* 337; 84 *Id.* 67-71; 69 Ark. 180.

SMITH, J., (after stating the facts). The court did not err in refusing to give instruction No. 1, requested by appellant. The presumption of innocence attends every defendant charged with any crime, and continues until it is overcome by the evidence; and the instruction tells the jury that this presumption of innocence is sufficient to require a verdict of not guilty in any doubtful case, but does not tell the jury when a case is doubtful. A case in which there is any doubt might be a doubtful case, but the rule is universal that a mere doubt does not authorize a verdict of acquittal. The doubt must be a reasonable one, because there are but few cases depending upon human testimony which is not susceptible to a doubt of some kind. The evidence must convince the jury of the defendant's guilt beyond a reasonable doubt,

and if it does this, it is sufficient; but more than that is not required.

The law upon the question of the burden of proof in the defense of an *alibi* is nowhere stated with more clearness than in the opinion in the case of *Commonwealth* v. *Choate,* 105 Mass. 456, wherein, the defense of an *alibi* having been interposed, the court had charged the jury that, "Where the defendant sought to establish the fact that he was at a particular place at any given time, and wished them to take it as an affirmative fact proved, the burden of proof was upon him, and if he failed in maintaining that burden, the jury could not consider it as a fact proved in the case; that the burden, however, was upon the Government to show that the defendant was present at the time of the commission of the offense, and as bearing upon that question the jury were to consider all the evidence offered by the defendant tending to prove an *alibi,* and if upon all the evidence the jury entertained a reasonable doubt as to the presence of the defendant at the fire, that they were to acquit."  The court, upon approving the instruction, said "The substance of the whole ruling was that if the evidence of the defendant, which tended to prove an *alibi,* was such, that, taken together with the other evidence, the jury were left in reasonable doubt as to whether the defendant was present at the alleged fire, they should acquit him."

This statement of the law has been expressly approved by this court in the cases of *Blankenship* v. *State,* 55 Ark. 248; *Ware* v. *State,* 59 Ark. 379; *Rayburn* v. *State,* 69 Ark. 177.

The court told the jury that the burden of the whole case was on the State to show that the defendant was present at the time and place of the commission of the crime; but the court also told the jury that the burden was upon the appellant to show by a preponderance of the evidence that he was not there, and the jury was not told, as it should have been, that, although the burden of establishing this defense as an affirmative fact was upon the appellant, yet, if the evidence which he had offered

in support of that defense, taken in connection with all the other evidence in the case, was sufficient to raise a reasonable doubt of the defendant's guilt, that the jury should acquit. This was substantially the instruction which the appellant asked the court to give, and which we think the court should have given, to make its meaning entirely plain. And under the circumstances we do not think the instruction given by the court, which concluded with the direction to the jury that, if they entertained a reasonable doubt of the guilt of the appellant to acquit him, would cure the error committed in failing to give the instruction requested by appellant.

The jury may have been in doubt as to their duty to consider the proof of an *alibi* at all, unless they were able to find that it had been established by the preponderance of the evidence, and this doubt and uncertainty may have been accentuated by the court's permission to the prosecuting attorney to state in his closing argument that the burden was on the defendant to show by a preponderance of the evidence that he was not present when the offense was committed. Under any circumstances, a defendant is entitled to an acquittal, if the jury is not convinced of his guilt beyond a reasonable doubt, and the instruction of the court should leave the jury in no doubt as to its duty when such a doubt is entertained. *Wells* v. *State*, 102 Ark. 630.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded for a new trial.