## JOINER *v.* STATE.

### Opinion delivered May 11, 1914.

1. CONTINUANCES—DISCRETION OF COURT—ABUSE.—The granting of a continuance is within the discretion of the court, and in the absence of an abuse of that discretion, the ruling of the court will not be disturbed. (Page 114.)

2. CRIMINAL LAW—ALIBI—REASONABLE DOUBT.—If the evidence of defendant which tends to prove an alibi, when taken together with the other evidence, would leave the jury in reasonable doubt as to whether the defendant was present when the crime was committed, then the jury should acquit. (Page 116.)

3. CRIMINAL LAW—INDICTMENT—VARIANCE—OWNER OF PROPERTY STOLEN—NAME.—An indictment charged that defendant stole property belonging to one J. R. Reynolds. The proof showed his name to be J. B. Reynolds. *Held,* there was no variance between the indictment and proof, if the jury believed beyond a reasonable doubt that the prosecuting witness, J. B. Reynolds, was the identical person named in the indictment as J. R. Reynolds. (Page 118.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*M. S. Cobb,* for appellant.

1. The court's refusal to grant a continuance on the showing made was an abuse of discretion warranting a reversal.

2. Instruction 1 given by the court to the effect that the burden of proving an *alibi* was upon the defendant, but that if on the whole case the testimony raised a reasonable doubt that the defendant was present at the time the crime was committed, she should be acquitted, was inconsistent with instruction 1, given at defendant's request, and was erroneous. 110 Ark. 15; 102 Ark. 627; 93 Ark. 564.

3. The allegation of ownership is material, and must be proved as alleged. The court erred in charging the jury in substance that if they believed that the J. B. Reynolds who testified in the case was the J. R. Reynolds named in the indictment, there was no variance. 55 Ark. 244; 100 Ark. 184; 97 Ark. 1, and cases cited; 108 Ark. 418.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. There was no abuse of discretion. The motion for continuance was properly overruled.

2. There is no inconsistency in the instructions given on the question of *alibi.* That given on the part of the State has been approved by this court in *Ware* v. *State,* 59 Ark. 379-391; 69 Ark. 177-180; *Tillman* v. *State,* 112 Ark. 236.

3. The court's instruction on the question of variance was correct, and the question whether J. R. Reynolds was identical with J. B. Reynolds was properly submitted to the jury. 102 Ark. 356.

HART, J. Appellant prosecutes this appeal to reverse a judgment of conviction against her for the crime of grand larceny. The facts are as follows:

J. B. Reynolds lived in South Hot Springs, in Garland County, Arkansas, and on the night of the 24th of June, 1913, went into the city for the purpose of attending a lodge. The lodge did not open, and he went

to a rooming house on Benton Street to visit a friend and stayed there until about 10:30 o'clock. When he started home he met appellant, and she asked him if he did not want a room. He replied that he did not. Appellant then walked up close to him and placed her hands upon him. She talked to him for about a minute and then left him. Reynolds then proceeded on his way, and when he had gone about a half a block he discovered that appellant had taken his pocket book, containing ten one-dollar bills and two ten-dollar bills. A witness for appellant testified that on the night in question she was with appellant at the home of Eva Jordan, drinking beer, and that appellant did not leave the house from 7 o'clock in the evening until midnight.

Counsel for appellant first assigns as error the action of the court in overruling her motion for a continuance. Appellant, in her motion for continuance, which was duly verified by her, stated that Ophelia Brown and Will Scofield, if present, would testify that on the night of the 24th of June, 1913, they were with her at the home of Eva Jordan, in Hot Springs, and that appellant did not leave the house from about 7 o'clock in the evening until after midnight. Appellant further stated that the case was set for trial during the fall of 1913; that she was ready for trial and had all her witnesses present, including Ophelia Brown and Will Scofield; that the prosecuting attorney stated that on account of the numerous cases pending in court he would not be able to try the case against her at that term of the court, and that she understood that the case had been continued for the term; that the absent witnesses lived in Little Rock, and that they left for their homes; that on the third day of January, 1914, she received knowledge that the case had been set down for trial on the 8th inst.; that she immediately caused a subpoena to be issued for said witnesses, and sent the same to the sheriff of Pulaski County; that on the 8th day of January, 1914, the sheriff of Pulaski County returned said subpoena unserved and marked "not found." The attorney for appellant also testified

that he understood that the case had been continued for
the term, but says that he does not know whether the
witnesses for appellant were then present in court; that
as soon as he found out that the case had been reset, he
caused a subpoena to be issued for the absent witnesses,
and sent it to the sheriff of Pulaski County for service.
The question of granting continuances calls for the exer-
cise of discretion by the trial court, and, unless there has
been an abuse of the discretion, the ruling of the trial
court will not be disturbed. *Hamer* v. *State,* 104 Ark.
606; *Striplin* v. *State,* 100 Ark. 132; *Jackson* v. *State,* 94
Ark. 169; *Bevis* v. *State,* 90 Ark. 586.

The record does not show that the trial court made
any order continuing the case against appellant for the
term.    Appellant says that she understood that the court
had made such an order and that her witnesses were in
attendance at the trial, and that the absent witnesses im-
mediately left for their homes in Little Rock. She did
not know their street number, and made no effort to as-
certain it.    She did not keep in communication with the
witnesses, and made no further effort to ascertain if they
were in Little Rock until the case was again set for trial
in January, 1914.    The record does not show that she
had had a subpoena issued for them in the first instance,
or that she took any legal steps whatever to procure their
attendance until the case was set for trial in January,
1914.    The sheriff of Pulaski County was not able to find
the witnesses in the city of Little Rock, and the presump-
tion is that they had left there.    The appellant did not
attempt to keep in communication with them, and does
not pretend to know where they now are.    There is noth-
ing to show that the witnesses are now within the juris-
diction of the court and that their attendance could be
procured hereafter.    These were all proper matters to be
considered by the court in passing upon appellant's mo-
tion for continuance; and we are of the opinion that it
did not abuse its discretion in refusing it.

Counsel for appellant next insists that the court
erred in giving an instruction at the instance of the State

on the defense of an *alibi,* and relies upon the case of *Woodland* v. *State,* 110 Ark. 15, to sustain his contention. In that case the court said that the jury was not told, as it should have been, that although the burden of establishing the defense of an *alibi* as an affirmative fact was upon the appellant, yet if the evidence which he had offered in support of the defense, taken in connection with all the other evidence in the case, was sufficient to raise a reasonable doubt of appellant's guilt, the jury should acquit. The judgment was reversed because the court refused to give such an instruction at the request of appellant, and because the instruction on the defense of an *alibi,* as given by the court, did not cure the error in refusing to give the instruction asked by appellant.

We do not deem it necessary to set out the instruction complained of, for an instruction in the same language was approved by this court in the case of *Ware* v. *State,* 59 Ark. 379, and *Rayburn* v. *State,* 69 Ark. 177. In the latter case the court said, in substance, that the effect of the instruction complained of was that, if the evidence of appellant which tended to prove an *alibi* was such that—taken together with the other evidence—the jury were left in reasonable doubt as to whether the appellant was present when the crime was committed, they should acquit him. An instruction on the defense of an *alibi* was given in this case at the request of counsel for appellant, and in the language asked by him. This shows that the court did not mean, in the instruction complained of, to shift the burden upon appellant to prove his innocence. If counsel for appellant thought the instruction was susceptible of that meaning, he should have called the court's attention to it, and, no doubt, the court would have changed its form to meet his objection.

The indictment charges the ownership of the money stolen to be in J. R. Reynolds. The prosecuting witness testified that his initials were "J. B.," instead of "J. R." His testimony, taken before the grand jury, which was signed by him, was thought to be signed "J. R.," and, on this account, the prosecuting attorney, in drawing the

indictment, charged that J. R. Reynolds was the owner of the money stolen. It appeared that the letter "B" in the name of the prosecuting witness, in his signature to the minutes of the grand jury, closely resembled the letter "R." The larceny was committed on the 24th day of June, 1913, and the prosecuting witness was carried to the jail, where appellant was confined, on the 26th inst., and there identified her as the person who had taken the money from him. The court instructed the jury, in substance, that the question of the identity of the person described in the indictment as the owner of the money charged to have been stolen with the one mentioned in the evidence is one of fact, and that if the jury believed from the evidence, beyond a reasonable doubt, that the prosecuting witness, J. B. Reynolds, is the identical person named in the indictment as J. R. Reynolds, there is no variance between the proof and the indictment. Counsel for appellant assigns as error the action of the court in giving this instruction, and relies upon the case of *Blankenship* v. *State,* 55 Ark. 244. In that case the court held where an indictment for larceny charges the goods stolen to have been the property of J. P. Kirby and G. W. Leggett, and the evidence shows that they were the property of J. P. Kirby and E. S. Leggett, the variance is fatal, unless the goods alleged to have been stolen are described in other respects with such certainty as to identify the act. We do not think that case is an authority for the position taken by counsel for appellant. There E. S. Leggett and G. W. Leggett were different persons. Here the proof shows that J. B. Reynolds and J. R. Reynolds were the same person. The facts in the present case bring it within the rule announced in the case of *Bernhard* v. *State,* 76 Ga. 613. Bernhard was charged with stealing cotton, and the court said, with reference to a contention precisely similar to the one now made, that where the cotton was alleged to belong to a man whose first initial was "J," and the proof showed that it was "I," or *vice versa,* there was no error in instructing the jury that if the initial was written wrong by mis-

take in the indictment the proof of ownership in the person bearing the true name would be sufficiently made. The court further said that the letters "I" and "J," are often written exactly alike. So it may be said here, the letters "R" and "B" are often written so that they closely resemble each other, and the one may be mistaken for the other. The proof shows that the prosecuting attorney was misled by the signature of the prosecuting witness to the grand jury minutes, and in this way the mistake occurred. The court committed no error in giving the instruction.

The evidence was sufficient to warrant the verdict, and the judgment will be affirmed.