## BRIDGER *v.* STATE.

### Opinion delivered February 7, 1916.

1. RAPE—ASSAULT WITH INTENT—SUFFICIENCY OF EVIDENCE.—In a prosecution for an assault with intent to commit rape, the evidence held sufficient to warrant a conviction.

2. EVIDENCE—CRIMINAL PROSECUTION—CORROBORATING TESTIMONY.—In a prosecution for an assault with intent to commit rape, the testimony of certain girls, schoolmates of the prosecutrix, as to her behavior some time after the alleged assault, is inadmissible.

3. APPEAL AND ERROR—INTERLINEATIONS IN TRANSCRIPT—REVIEW.—Unexplained and unauthenticated interlineations made with a pencil, will not, on appeal, be regarded as a part of the transcript.

4. CRIMINAL LAW—NAME OF DEFENDANT—VARIANCE.—In an indictment, defendant's name was charged as Bridgen, and the proof showed his name to be Bridger. *Held,* there was no variance where the proof showed that the defendant was the person intended to be charged with the commission of the crime. Kirby's Digest, § 2232.

5. WITNESSES—IMPEACHMENT—CONTRADICTORY STATEMENTS—DISCRETION OF TRIAL COURT.—Trial judges being vested with discretion in the matter of the examination of witnesses, it will not be held error, when the trial court refused to permit a witness to be recalled, when the appellant wished to examine him as to matters he had already testified to, tending to impeach the veracity of another witness.

6. APPEAL AND ERROR—INTRODUCTION OF EVIDENCE—DISCRETION.—Trial judges are vested with much discretion in the order of the introduction of evidence, and judgments will be reversed only when it affirmatively appears that this discretion was abused.

Appeal from Arkansas Circuit Court, Southern District; *Thomas C. Trimble,* Judge; affirmed.

*C. L. O'Daniel, R. D. Rasco* and *Manning, Emerson & Morris,* for appellant.

1. There is a fatal variance between the indictment and proof. 6 Ark. 165; 6 *Id.* 540.

2. The remarks of the court were prejudicial. 51 Ark. 147; 17 Cal. 146; 73 Ark. 568-573.

3. There were errors in admitting evidence and allowing leading questions. Kirby's Digest, § 3136. One crime cannot be proven by allowing evidence of another.

39 Ark. 278; 37 *Id.* 261; 73 *Id.* 262; 68 *Id.* 577; 111 *Id.* 457; 100 *Id.* 321; 91 *Id.* 555; 38 *Id.* 221.

4. There was error in the court's charge to the jury. 83 Ark. 192, 195; 67 *Id.* 416.

5. It was error to permit part of the jurors to deliberate upon their verdict while the others were on the street unaccompanied by an officer. Kirby's Digest, § 2393; 44 Ark. 115; 57 *Id.* 1; 95 *Id.* 430; 102 *Id.* 356. A fair and impartial trial was not granted appellant. The court's remarks were prejudicial.

*Wallace Davis,* Attorney General and *Hamilton Moses,* Assistant, for appellee.

1. The variance was not fatal. 6 Ark. 540; *Id.* 165; Kirby's Digest, § 2332; 35 Ark. 385; 101 *Id.* 59; 105 *Id.* 84.

2. The remarks of the court were not prejudicial. 73 Ark. 573; 72 S. W. 918; 83 *Id.* 384; 71 *Id.* 70; 83 Pac. 490.

3. There was no error in the admission of evidence. Kirby's Digest, § 3136. Lead pencil interlineations upon a transcript which are unexplained and unauthenticated will not be regarded as part of the transcript. 84 Ark. 95; 86 *Id.* 360; 85 Ark 496. It is within the discretion of the court to allow a party to ask his own witness leading questions. 83 Ark. 100; 85 *Id.* 496; 63 *Id.* 120; 75 *Id.* 144; Wigmore on Ev. § 770.

4. There is no error in the instructions. The charge states the law correctly. 91 Ark. 562; 82 *Id.* 540; 38 *Id.* 304; 66 *Id.* 494; 34 *Id.* 649; 35 *Id.* 585; 58 *Id.* 472; 41 Ga. 217; 90 Pac. 259; 18 Ga. 13; 99 Ark. 561.

5. There were no irregularities in the trial. 95 Ark. 321; 107 *Id.* 38; 109 *Id.* 479. Appellant had a fair and impartial trial. None of the so-called irregularities were prejudicial.

SMITH, J. Appellant was convicted upon a charge of assault with intent to commit rape, and has appealed from the judgment of the court sentencing him to a term of three years in the state penitentiary.

(1)   At the trial a great many instructions were given, to a number of which exceptions were saved, and a large number of instructions were asked by the appellant, many of which were given, while exceptions were duly saved to the refusal of the court to give others which were requested. Upon a consideration of all the instructions given we are of the opinion that the law of this case was fairly and fully presented to the jury.

The evidence of the girl alleged to have been assaulted is sufficient to sustain the conviction, while according to the evidence offered in behalf of appellant the charge was wholly unfounded, and with the exception of a few, somewhat incriminating circumstances, the State's case rests entirely upon the evidence of the girl. The girl's name was Cleon Eason and, according to the State's evidence, she was a child only 13 years of age, while according to the evidence offered by appellant she was a girl 15 years of age. She is an orphan and had been taken to live at the home of appellant, who is a married man, and according to her evidence she had been importuned by appellant to yield to him and upon her continued refusal, had finally been assaulted. Shortly after the time of the commission of the alleged assault Cleon left appellant's home and was placed in school, and three of her girl school mates were permitted to testify in regard to her conduct at school and, according to the evidence of these school mates, Cleon appeared morose and was frequently seen crying, and remarked that she wished she was dead and that she was sorry she was living, and in this connection stated to one of her school mates that appellant had attempted to hug and kiss her, and to another that he had been mean to her. The purpose and effect of all this evidence was to corroborate the girl, and all of this evidence was offered over the objection of appellant. Three practicing physicians examined the girl shortly after the time of the alleged assault and one of these doctors testified that he found evidence of laceration and a partial rupture of the hymen, while the other two doctors testified that they found no bruises or

other evidence of attempted intercourse and at the trial one of these doctors was used to impeach the doctor who testified for the State. This witness, Doctor Kelly, was twice called as a witness for the prosecution, and was cross-examined at length, and he was also called as a witness by appellant. Doctor Rasco, who testified for the appellant, stated that Dr. Kelly, after he had examined the girl, told him that no man had had anything to do with her, and after the examination of both of these witnesses appellant offered to prove by Dr. Rasco that Dr. Kelly told him that the girl's parts were not lacerated at all, but the court refused to let the witness be called for this purpose and exceptions were duly saved.

Appellant was indicted under the name of R. C. Bridgen, but the undisputed evidence shows that his name. was Bridger, and appellant objected to the testimony tending to show his guilt of the crime charged, upon the ground that there was a variance between the indictment and the proof.

Exceptions were also saved to the remarks of the court in passing upon the admissibility of certain evidence tending to show that this prosecution was instituted in aid of an action for damages which had been brought against appellant. The remark of the court was argumentative and, therefore, improper, but we do not agree with counsel that the language used by the court could have been construed by the jury as expressing an opinion upon the issue involved and we will not therefore, reverse the judgment on that account.

(2) We think the court should not have admitted the evidence of Cleon Eason's school mates. The incidents testified to by them occurred some days after the alleged assault, and while its purpose, of course, was to corroborate the girl in her statement that she had been assaulted, the evidence was not admissible for that purpose. Several of our cases define the conditions under which proof of outcry can be made, but those cases have no application to the facts of this case, and we are not advised of any theory upon which this evidence could

be held competent. *Threet* v. *State,* 110 Ark. 152; *Sexton* v. *State,* 91 Ark. 589; *Skaggs* v. *State,* 88 Ark. 62; *Williams* v. *State,* 66 Ark. 264; *Pleasant* v. *State,* 15 Ark. 624.

(3)　Certain of the questions which elicited this evidence were objected to as leading, but that objection did not call the court's attention to their real vice, and no other objection was made. There does appear in the transcript certain interlineations made with a lead pencil, but the interlineations are unexplained and unauthenticated and we can not therefore regard them as part of the transcript. *Johnson* v. *State,* 84 Ark. 95; *Hobbs* v. *State,* 86 Ark. 360.

(4)　We do not reverse this judgment because of the error contained in the indictment in spelling appellant's name, as all of the proof shows that he was the person intended to be charged. *Joiner* v. *State,* 113 Ark. 112. The statute provides that if it shall be made to appear that an error was made in the name in the indictment, that this fact shall not vititate the indictment, or the proceedings thereon, but that upon the discovery of the true name of the person charged, an entry shall be made upon the minutes of the court of his true name, referring to the fact of his having been indicted by the name mentioned in the indictment, and thereafter all subsequent proceedings shall be in the true name, and a form to be used in such cases is also provided by the statute. Section 2232 Kirby's Digest.

(5-6)　It was, of course, competent and proper for the appellant to impeach the evidence of Doctor Kelly by the proof of contradictory statements, if it was possible to do so, but under the circumstances we can not say that error was committed in refusing to permit Doctor Kelly to be further examined for the purpose of impeachment. He had already been upon the stand three times and had been examined and cross-examined at length on each appearance on the stand, and Doctor Rasco had been permitted to testify about a statement made to him by

Doctor Kelly, the effect of which was to show that there were no physical evidences of any attempt to have sexual intercourse with Cleon Eason, and we can not say that the court erred in refusing permission to further emphasize this contradiction in a slightly different manner. Trial judges are necessarily vested with much discretion in the order of the introduction of evidence, and judgments will be reversed only when it affirmatively appears that this discretion was abused, and we think it does not so appear here.

Other questions are discussed in the brief, but we think they do not call for a discussion.

Finding no prejudicial error the judgment is affirmed.