DANIELS v. STATE.

Crim. 3816

Opinion delivered October 10, 1932.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J. The appellant was indicted, tried and convicted of the crime of rape committed on a thirteen-year-old girl. He was represented by counsel as eminent as any in the State who conducted his defense in a courageous and able manner. During the trial timely objections were made and proper exceptions saved to the action of the court, and these were preserved in a motion for a new trial in which a number of assignments of error were made. We have carefully reviewed the evidence in the case, and find that it is ample to sustain the verdict and judgment of the trial court.

The prosecuting witness, a child of about thirteen years of age, gave a circumstantial account of how she was ravished, stating that her assailant was a stranger to her, but that she observed certain peculiarities about him which she described immediately after she reached her home. She said that he was a young negro man; that he had two scars on the side of his neck, one tooth missing and a deformity of one eye. A negro answering this description had been seen a few hours preceding the commission of the crime in that vicinity, and appellant was taken in charge on the following day because he answered that description. An examination of the tracks at the scene of the crime showed that they were made by a shoe having a rubber heel with a hole in it and when these were compared with the shoes of appellant it was ascertained that they matched. After appellant was taken into custody he was delivered to the deputy sheriff and was allowed to talk with a negro minister. After some conversation the appellant admitted the crime, and when placed on the witness stand in

his own behalf he did not deny having made the assault and stated that he had admitted it because his preacher told him it would be best to plead guilty; that he was frightened, and that was the reason he had made the confession. When testifying as a witness however, he stated that he did not remember where he was or what he did on the afternoon of the assault because he had found a quart jar of whiskey in the woods and had drunk about a pint of it and became so drunk that he did not remember whether he met the little girl or not and only remembered when he awoke in the woods late in the evening.

The witnesses who had seen appellant in the vicinity of the crime testified that he had no appearance of being under the influence of liquor, and one witness stated that appellant drew water from witness' well and made some inquiries as to where Bill Perry lived and told the witness his name.

The testimony, without the admission of the appellant, was ample to establish his identity, and it was also ample to establish the fact that the child had been ravished, and that the appellant had committed the crime. This, together with the admissions of the appellant and his testimony on the witness stand, was enough to lead to the conclusion of his guilt beyond a reasonable doubt.

The appellant was indicted in the name of Freeling Daniels. He and his father testified that his name was Frelorn Daniels, but a witness upon whose place appellant and his father had lived, and who was well acquainted with the appellant, testified that appellant's name was Freeling Daniels. One of the assignments of error was that the court erred "in refusing to hold that the name of the defendant was not Freeling Daniels and that his name was not *idem sonans* with the name of the defendant mentioned in the indictment." The court did not err in this regard because there was a conflict in the testimony as to whether appellant's name was Frelorn or Freeling Daniels, and for the further reason that there was no question as to the identity of the

appellant. The mere fact that his name was incorrectly spelled in the indictment is not ground for reversal, as all the proof shows that he was the person intended to be charged with the crime. *Joiner* v. *State,* 113 Ark. 112, 167 S. W. 492; *Bridger* v. *State,* 122 Ark. 395, 183 S. W. 962; § 3017, Crawford & Moses' Digest.

Complaint is made of the court's action in refusing certain instructions asked by the appellant and to those given by the court at the request of the State. Some of the instructions requested by the appellant were covered by instructions given, and therefore were not improperly refused. In one of the instructions requested the court struck from it the sentence: "If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of the defendant, then it is your duty to adopt such view and acquit."

Another instruction was refused which told the jury they could not convict unless the offense had been established to the exclusion of every other reasonable hypothesis of the defendant's innocence. The court gave at the request of the appellant correct instructions on the presumption of innocence and reasonable doubt, and, as the State did not rely entirely upon circumstantial evidence, it was not error to modify the instruction in the particular mentioned above or to refuse to grant the other. *Osburn* v. *State,* 181 Ark. 661, 27 S. W. (2d) 783, and cases therein cited.

Complaint is made of the action of the court in refusing to give an instruction which in effect told the jury that it was prosecuting witness' duty to make outcry at the time she alleged the appellant assaulted her, and that failure to do so might be considered in determining whether appellant did in fact commit rape upon her. This instruction was properly refused; first, because there was no evidence at all tending to show that rape had not in fact been committed, and, second, because the evidence showed she feared, because of appellant's threats, to cry out or resist, and because any outcry would have been unavailing since the scene of the crime was re-

mote from human habitation. *Jackson* v. *State*, 92 Ark. 71, 122 S. W. 101; *Meisenheimer* v. *State*, 73 Ark. 407, 84 S. W. 494.

One of the defenses interposed was that of insanity, and the court correctly instructed the jury on that defense. The court refused request for instruction No. 10 which would have told the jury that in considering the degree of punishment in the event the defendant should be found guilty that they might take into consideration whether or not the defendant's mind was undeveloped and not the mind of a normal person. A number of witnesses testified regarding the mentality of the defendant, including a number of physicians. All of them testified that defendant was sane, and some of them testified that he was an uneducated young negro with the mind of about a fifteen-year-old person. The court gave the proper test by which the accountability of the defendant might be measured, and told the jury that, if they found the defendant innocent under the rule given, they should acquit him. The court's instruction on this question was a correct declaration of law, but it might properly have refused to so instruct, as all of the testimony showed that the defendant was sane. All courts agree that mere mental weakness does not exempt from responsibility, nor can one with a mind below normal be exempted from punishment, any more than a person with normal mind.

There are other instructions complained of, but which we find it unnecessary to comment upon because from a comparison of all of the instructions given we find no error.

In assignments of error Nos. 26, 27, 28 and 29 in the motion for a new trial it was alleged that the verdict of the jury was influenced by a large assembly of enraged persons present at the trial; that a lynching had been anticipated before the trial, and, in order to prevent the same, the sheriff had caused to be present in and about the court room a number of soldiers armed and in uniform, and these remained throughout the trial and

until the jury had returned their verdict; that the presence of the soldiers and the great crowd of people coerced the jury.

The evidence taken at the hearing on the motion for a new trial disclosed that, while there was a large crowd in and about the court room, it was orderly; that no threats were made by any of its members, nor was there any demonstration indicating any rage or resentment upon its part toward the appellant. The soldiers were in attendance at the request of the court as a precautionary measure, and it was shown that counsel for the defendant acquiesced in the presence of the soldiers, and that these performed only such duties as were assigned to them in a respectful manner. The trial was orderly throughout its entire course, and the verdict of the jury is not shown to have been influenced by anything except the evidence, which, as we have said, was ample to sustain it.

Finding no prejudicial errors in the admission or rejection of testimony or in the instructions given by the court, the judgment is affirmed.